UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

    Plaintiff,

v.                                CASE NO. 3:11-cv-487-J-34JBT

S & K MUFFLER, INC. and JAMES M. CHRISTENSEN,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion for Entry of Judgment after Default against S&K Muffler, Inc. ("S&K") and James M. Christensen ("Christensen") ("Motion") (Doc. 13).  Because Plaintiff has not obtained a default against both Defendants, the Motion is due to be **DENIED without prejudice**.[1]

Plaintiff Norman Hoewischer filed his Complaint for injunctive relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, on May 16, 2011.  (Doc. 1.)  On May 26, 2011, Plaintiff served process on S&K.  (Doc. 6.)  As S&K failed to appear in the case, Plaintiff filed a Motion for Clerk's Entry of Default against S&K on August 10, 2011.  (Doc. 7.)  The Clerk of Court entered a default against S&K on August 12, 2011.  (Doc. 8.)

As far as the record shows, Plaintiff has not served process on Christensen.

---

[1] The Court expresses no opinion on the merits of the remainder of the Motion, except to note that according to the Certificate of Service attached to the Motion, the Motion was mailed to J. Garfield Hunt, Esq., Law Office of J. Garfield Hunt, 7952 Normandy Boulevard, Jacksonville, Florida 32221.  (Doc. 13 at 6.)  However, Mr. Hunt is neither a party to this action, nor counsel of record for any party in this action.

Moreover, a default has not been entered against him. Thus, the Motion has no merit as to him. See Fed. R. Civ. P. 55(b). Because a default judgment cannot be entered against Christensen at this time and because the Motion mistakenly assumes that Christensen has been defaulted, it would be inappropriate for the Court to now consider separately entering a default judgment against S&K. See Fed. R. Civ. P. 54(b); *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 13**) is **DENIED without prejudice.**

2. Because it appears that the 120-day period for serving process on Christensen under Rule 4(m) of the Federal Rules of Civil Procedure has run, if Plaintiff wishes to seek an extension of that period, he must file an appropriate motion **on or before October 3, 2011**. If no such motion is filed by that date, the undersigned will recommend that the action be dismissed without prejudice as to Christensen pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida, on September 19, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Any Unrepresented Party